IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERALD STREEPER                                    :
57 Daytona Street
Destin, Florida 32550                              :

        Plaintiff                                  :

v.                                                 :        Case No: 06CV2065RMU

JACLYN ANN JOHNSON                                 :
320 23rd Street South
Arlington, Virginia 22202                          :

        Defendant                                  :

## DEFENDANT JOHNSON'S ANSWER TO THE COMPLAINT

        Comes now Defendant, Jaclyn Ann Johnson, by and through counsel, Thomas A.

Medford, Jr., and in answer to the Complaint, states as follows:

### FIRST DEFENSE

        The Complaint herein fails to state a cause of action against the Defendant upon

which relief may be granted.

### SECOND DEFENSE

        1.      The Defendant is presently without knowledge or information sufficient to

form an opinion as to the truth of the allegations contained in Paragraph 1 of the Complaint.

        2.      The Defendant admits the allegations contained in Paragraph 2 of the

Complaint.

        3.      The Defendant admits the existence of the statute cited in Paragraph 3 of the

Complaint but denies that this Court has jurisdiction solely by reason thereof.

        4, 5 & 6.      The Defendant is presently without knowledge or information

sufficient to form an opinion as to the truth of the allegations contained in Paragraphs 4

through 6 of the Complaint.

        7.      The Defendant denies the allegations contained in Paragraph 7 of the

- 1 -

Complaint but admits that she, like all drivers in the District of Columbia has a duty to follow the rules of the road and respectfully submits that she did at all times relevant to the incident that gave rise to the case at bar.

8.    The Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.    The Defendant denies the allegation of negligence contained in Paragraph 9 of the Complaint and further submits that she is presently without knowledge or information sufficient to form an opinion as to the truth of the remainder of the allegations contained therein.

10.    The Defendant is presently without knowledge or information sufficient to form an opinion as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.    The Defendant denies the allegation of negligence contained in Paragraph 11 of the Complaint and further submits that she is presently without knowledge or information sufficient to form an opinion as to the truth of the remainder of the allegations contained therein.

12.    The Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.    The Defendant denies the allegation of negligence contained in Paragraph 13 of the Complaint and further submits that she is presently without knowledge or information sufficient to form an opinion as to the truth of the remainder of the allegations contained therein.

Further answering the Complaint, this Defendant denies all allegations of negligence and other improper conduct and further denies all allegations not specifically admitted or otherwise responded to.

## THIRD DEFENSE

This Defendant respectfully reserves the right to assert the affirmative defense of contributory negligence should discovery disclose a basis therefor.

## FOURTH DEFENSE

This Defendant respectfully reserves the right to assert the affirmative defense of assumption of risk should discovery disclose a basis therefor.

## FIFTH DEFENSE

This Defendant respectfully reserves the right to assert the affirmative defense that the Complaint is barred by the Statute of Limitations should discovery disclose a basis therefor.

## SIXTH DEFENSE

This Defendant respectfully reserves the right to assert the affirmative defense of unavoidable accident should discovery disclose a basis therefor.

## SEVENTH DEFENSE

This Defendant respectfully reserves the right to assert the affirmative defense that if the plaintiff was injured as alleged in the Complaint, such injuries were the result of the negligence of a person or persons not a party to the case at bar should discovery disclose a basis therefor.

## EIGHTH DEFENSE

This Defendant respectfully reserves the right to assert the affirmative defense that the injuries alleged by the plaintiff were not casually related to the collision complained of should discovery disclose a basis therefor.

WHEREFORE, the premises considered, Defendant Jaclyn Ann Johnson demands that the Complaint against her be dismissed with costs.

/s/ Thomas A. Medford, Jr.
Thomas A. Medford, Jr. - #238154
Attorney for Defendant Johnson
7474 Greenway Center Drive, Suite 500
Greenbelt, Maryland 20770
(301) 982-8600

## JURY DEMAND

The Defendant, Jaclyn Ann Johnson demands trial by jury of eight (8) persons on all issues so triable.

/s/ Thomas A. Medford, Jr.
Thomas A. Medford, Jr., Esquire

## PRAECIPE

All attorneys and staff of Timothy S. Smith & Associates, including the undersigned, are employees of the Corporate Law Department of State Farm Mutual Automobile Insurance Company.

/s/ Thomas A. Medford, Jr.
Thomas A. Medford, Jr., Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 25th day of September, 2007, a copy of the aforegoing Answer to the Complaint and Jury Demand was mailed, postage prepaid, to: **Thomas S. Basham, Esquire,** 608 Baltimore Avenue, Towson, Maryland 21204, Attorney for Plaintiff.

/s/ Thomas A. Medford, Jr.
Thomas A. Medford, Jr., Esquire