December 13, 2007


The Honorable Ricardo M. Urbina
United States District Court
for the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

    Re: Streeper v. Johnson
    Civil No.  1:06-cv-02065-RMU

Dear Judge Urbina:

Please accept this letter as the Joint Rule 16.3(c) Report submitted on behalf of the Plaintiff, Gerald Streeper, and Defendant, Jaclyn A. Johnson, pursuant to the Standing Order of this Court.

The attorneys for the parties have conferred as required by the Standing Order.  The plaintiff has provided a complete copy of medical reports and bills related to this incident to the attorney for the defendant as of this time.

The parties agree that this matter cannot be completely resolved by a dispositive motion.

It is the plaintiff's position that the negligence of the defendant is clear in this matter, and the plaintiff will file a motion for summary judgment on the issue of liability alone, in the event that the defendant will not stipulate to her liability. The defendant is not in a position to so stipulate at this time.

The parties agree that no other parties need be joined to the litigation.

The plaintiff is willing to have this case assigned to a Magistrate Judge for all purposes, including trial, but the defendant cannot so agree at this point in time, but will consider this again once disclosures have been made.

The parties do not know whether there is a realistic possibility of settling this case at this time, but believe that further information is necessary.

The parties agree that this case would be appropriate for submission to a Magistrate for a settlement conference, once

discovery has been completed.

The parties are willing to make the disclosures required by Rule 26(a)(1). As stated previously, the plaintiff has begun these disclosures by forwarding all medical records and bills.

The attorneys would anticipate the need for the depositions of the plaintiff and defendant, and the defendant anticipates the need for an independent medical examination of the plaintiff.

The parties believe that discovery can be completed within 120 days of the scheduling hearing.

The parties do not anticipate calling any expert witnesses, other than the treating physicians and the physician who performs the independent medical examination for the defendant.

The plaintiff would anticipate taking *de bene esse* video depositions of his treating physicians who will testify as experts, but the defendant is not certain whether a defense medical expert will appear at the trial, or whether a video deposition will be taken of that doctor as well.

The parties agree that this matter does not need to be bifurcated.

A pretrial conference should be scheduled in this matter 180 days after the scheduling hearing, and the parties believe that a firm trial date should be scheduled 60-90 days after the pretrial conference.

The parties are not aware of any other matter which should be included in a scheduling order.

The plaintiff has received this Court's Order rescheduling the status conference for February 11, 2008, at 10:00 a.m. Unfortunately, the attorney for the plaintiff is scheduled for a jury trial beginning on that same morning. February 11, 2008 was not one of the dates submitted by agreement of the parties for rescheduling of this status conference. If, after reviewing this report, the Court deems that it is still necessary to hold a status conference, the attorney for the plaintiff would ask that a new date be scheduled for that conference by agreement of the parties.

Thank you for your consideration.

Respectfully submitted,


Michael B. Mann
Attorney for Plaintiff


Thomas A. Medford, Jr.
Attorney for Defendant

Case 1:06-cv-02065-RMU    Document 9    Filed 12/13/2007    Page 3 of 3