IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GERALD STREEPER | * | CASE NO. |
|     Plaintiff | * | 1:06-cv-02065-RMU |
| v. | * | |
| JACLYN ANN JOHNSON | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Gerald Streeper, Plaintiff, by Michael B. Mann, his attorney, moves, pursuant to Fed. R. Civ. P. 56, for partial summary judgment on the issue of liability against the Defendant, Jaclyn Ann Johnson, for the following reasons:

    1.  There is no genuine dispute as to any material fact, and this Plaintiff, Gerald Streeper, is entitled to judgment as a matter of law that Defendant, Jaclyn Ann Johnson, is liable to the Plaintiff in this action.

    2.  For further reasons and authorities, the Plaintiff incorporates herein his Memorandum in Support of Motion for Partial Summary Judgment filed herewith.

                                                  /s/ Michael B. Mann
                                        MICHAEL B. MANN
                                        409 Washington Avenue, Suite 600
                                        Towson, MD 21204
                                        410-296-6826
                                        Fax: 410-825-1805
                                        Attorney for Plaintiff

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

GERALD STREEPER              *    CASE NO.

     Plaintiff               *    1:06-cv-02065-RMU

v.                           *

JACLYN ANN JOHNSON           *

     Defendant               *

             *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Gerald Streeper, Plaintiff, by Michael B. Mann, his attorney, submits the following Memorandum in Support of his Motion for Partial Summary Judgment on the issue of liability against the Defendant in this action, and states as follows:

<u>STATEMENT OF FACTS</u>

On or about January 21, 2004, Plaintiff was driving south on the entrance ramp from South Capitol Street, SW onto Southbound I-395 in Washington, D.C. (See deposition transcript of Gerald Streeper, taken on April 1, 2008, p. 17, l. 21-22, p. 18, l. 1-5). At the same time and place, Defendant was driving behind Plaintiff's vehicle. (See deposition transcript of Jaclyn Ann Johnson, taken on April 1, 2008, p. 7, l. 14-21). Plaintiff stopped his vehicle on the ramp to await an opportunity to safely merge into traffic on I-395, when Defendant failed to stop her vehicle and violently collided with the rear of Plaintiff's vehicle. (Streeper deposition, p. 21, l.9-22, p. 22, l. 2; Johnson deposition, p. 9, l. 6-11, p. 15, l. 8-13).

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 requires that summary judgment be granted where, as here, it is clear that there is no dispute that requires the case to be submitted to a trier of fact. *O'Connell v. Montgomery County*, 923 F.Supp. 761 (D.Md. 1996) *aff'd*. 131 F.3d 135 (4th Cir. 1997). Rule 56 states, in pertinent part:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
> Fed.R.Civ.P.56(c).

The purpose of the summary judgment procedure is to determine whether a trial is necessary. "[T]he court has an affirmative obligation to prevent factually unsupported ... defenses from proceeding to trial." *Williams v. Prince George's County Hosp. Ctr.,* 932 F.Supp. 688, 689 (D.Md. 1996) (citations omitted). Thus, the "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). To withstand such a motion, the non-moving party must offer evidence "from which a fair-minded jury could return a verdict for the [party opposing the motion]." *Id*. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cr. 1987).

ARGUMENT

Pursuant to DCR 18-22-2213.4, "[a]n operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle." Defendant admits that she rear-ended Plaintiff and that she did not slow down enough to avoid hitting Plaintiff, in violation of DCR 18-22-2213.4. (Johnson transcript, p. 9, l. 6-11, p. 15, l. 8-13). Therefore, there is no genuine issue of material fact that Defendant was negligent, because she breached her duty of care to pay full time and attention to operating her vehicle, which caused Plaintiff's injuries.

CONCLUSION

The Court should grant summary judgment in favor of Plaintiff, Gerald Streeper, on the issue of liability because there is no genuine dispute as to any material fact that Defendant, Jaclyn Ann Johnson, is negligent as a matter of law.

          /s/ Michael B. Mann
MICHAEL B. MANN
409 Washington Avenue, Suite 600
Towson, MD 21204
410-296-6826
Fax: 410-825-1805
Attorney for Plaintiff

**POINTS AND AUTHORITIES**

1. DCR 18-22-2213.4

2. Federal Rules of Civil Procedure 56

3. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)

4. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cr. 1987)

5. *O'Connell v. Montgomery County*, 923 F.Supp. 761 (D.Md. 1996) *aff'd*. 131 F.3d 135 (4th Cir. 1997)

6. *Williams v. Prince George's County Hosp. Ctr.,* 932 F.Supp. 688, 689 (D.Md. 1996) (citations omitted)

```
                              /s/ Michael B. Mann
                              MICHAEL B. MANN
```

**CERTIFICATE OF SERVICE**

I hereby certify that on this_____ day of _____, 2008, a copy of the foregoing was mailed to:

Thomas A. Medford, Jr., Esquire
7474 Greenway Center Drive, #500
Greenbelt, MD  20770
Attorney for Defendant

```
                              /s/ Michael B. Mann
                              MICHAEL B. MANN
```

1

1  IN THE UNITED STATES DISTRICT COURT

2  FOR THE DISTRICT OF COLUMBIA

3  - - - - - - - - - - - - - - - - x

4  GERALD STREEPER,

5        Plaintiff

6    v.               CA No. 1:06CV 2065 RMU

7  JACLYN ANN JOHNSON,

8        Defendant

9  - - - - - - - - - - - - - - - - x

10  Deposition of GERALD STREEPER

11  Greenbelt, Maryland

12  Tuesday, April 1, 2008

13  10:52 a.m.

14

15  Job No. 1-124345

16  Pages 1 - 63

17  Reported By:  Cindy L. Wilmoth, RPR

COPY



L.A.D. REPORTING & DIGITAL VIDEOGRAPHY

1100 Connecticut Avenue, NW • Suite 850, Washington, D.C. 20036
Tel: 202.861.3410 • 800.292.4789 • Fax: 202.861.3425
Web: ladreporting.com • E-mail: lisa@ladreporting.com
Additional Offices: Rockville, MD • Baltimore, MD • Greenbelt, MD • McLean, VA

17

1   selling real estate in Florida, and you're now back in

2   Philadelphia selling timeshares?

3       A.   No.

4       Q.   You're not selling timeshares now?

5       A.   Yes, I am.  But I'm actually -- I asked to be

6   transferred to this area since I know I was going to be

7   here so actually now I'm in Laurel, Maryland.

8       Q.   Where in Maryland?

9       A.   Laurel.

10      Q.   Selling timeshares?

11      A.   Uh-huh.

12      Q.   That's a "yes"?

13      A.   It's actually -- it's not -- yes.  I'm

14  working for Outfield Marketing, and it's a form of

15  enhancement to people who already own.

16      Q.   And you indicated you asked to be transferred

17  to this area.  Why?

18      A.   Because my father just had surgery and is

19  dealing with cancer, and I'm the one taking him to

20  chemo.

21      Q.   Calling your attention to I believe it was

22  the 21st of January, 2004, were you involved in a motor

DEPOSITION OF GERALD STREEPER
CONDUCTED ON TUESDAY, APRIL 1, 2008

18

```
 1   vehicle incident?
 2       A.   Yes, sir.
 3       Q.   Where did that incident take place?
 4       A.   On the on ramp of 395 on South Capitol
 5   Street.
 6       Q.   Why were you in this area at that time?
 7       A.   Because I was on my way to work.
 8       Q.   And you were working where?
 9       A.   At Alexandria at the Fairfield Resort, Old
10   Town Alexandria.
11       Q.   That's a property down there?
12       A.   Uh-huh.
13            MR. MANN:  "Yes"?
14            THE WITNESS:  Yes, sir.  Sorry.
15   BY MR. MEDFORD:
16       Q.   How long did you work for them?
17       A.   At that location, two years.
18       Q.   From what to what?
19       A.   From -- let's see here.  From June '03 until
20   September -- actually, no.  It was February '05.  It
21   was actually June of the year '02 until February of
22   '04.  Almost certain.
```

DEPOSITION OF GERALD STREEPER
CONDUCTED ON TUESDAY, APRIL 1, 2008

21

1      A.   Yes, sir.

2      Q.   How long had you had that vehicle?

3      A.   Couple years.

4      Q.   In your own words, can you tell me what you
5  recall about how this incident occurred?

6      A.   I'm sorry. Say that again.

7      Q.   In your own words, can you tell me what you
8  recall about how this incident occurred?

9      A.   I was going up to get onto the highway. It
10 was stop and go, stop and go, and just as we got to the
11 top of the ramp ready to go onto the highway, a little
12 Mazda Miata stopped in front of me. I stopped in back
13 of him waiting for him to go so I can go, and then I
14 got slammed in the back of my car.

15     Q.   So now to get up on 395, you're going from a
16 lower position to a higher position?

17     A.   Yes, sir.

18     Q.   And you indicated you stopped because there
19 was a Mazda Miata that was stopped in front trying to
20 get into the merge to the left?

21     A.   Exactly.

22     Q.   And that was at the merge point, you had to

DEPOSITION OF GERALD STREEPER
CONDUCTED ON TUESDAY, APRIL 1, 2008

22

1 merge over at that point, right?

2   A.   Yeah.

3   Q.   Can you describe the force of the contact

4 between your vehicle and the other vehicle as a result

5 of this incident?

6   A.   Well, actually, yeah, I can. I actually

7 got -- I got hit, and pretty much that's all I remember

8 because I got knocked out. When I actually woke up, I

9 was rolling onto the highway. There was no car in

10 front of me anymore. I mean, I got hit pretty bad.

11 Everything was all disheveled in the car, and then when

12 I actually came and I was rolling onto the highway, I

13 pulled to the side and put the car in park.

14   Q.   Okay. So let me get this straight. It's

15 your position as a result of the contact in this case,

16 you were knocked unconscious, and when you came back to

17 consciousness, your vehicle was rolling onto 395?

18   A.   Yes, sir.

19   Q.   Your vehicle equipped with air bags?

20   A.   No.

21   Q.   You were wearing your seat belt, weren't you?

22   A.   Of course.

```
                                                                    1

 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF COLUMBIA

 3     - - - - - - - - - - - - - - - - x

 4     GERALD STREEPER,

 5                  Plaintiff                ORIGINAL

 6           v.                        CA No. 1:06CV 2065 RMU

 7     JACLYN ANN JOHNSON,

 8                  Defendant

 9     - - - - - - - - - - - - - - - - x

10              Deposition of JACLYN ANN JOHNSON

11                     Greenbelt, Maryland

12                   Tuesday, April 1, 2008

13                         10:17 a.m.

14

15     Job No. 1-124499

16     Pages 1 - 23

17     Reported By:  Cindy L. Wilmoth, RPR

18

19

20

21

22
```


L.A.D. REPORTING & DIGITAL VIDEOGRAPHY

1100 Connecticut Avenue, NW • Suite 850, Washington, D.C. 20036
Tel: 202.861.3410 • 800.292.4789 • Fax: 202.861.3425
Web: ladreporting.com • E-mail: lisa@ladreporting.com
Additional Offices: Rockville, MD • Baltimore, MD • Greenbelt, MD • McLean, VA

DEPOSITION OF JACLYN ANN JOHNSON
CONDUCTED ON TUESDAY, APRIL 1, 2008

7

1   A.   (Witness nods.)

2   Q.   How long have you worked for them?

3   A.   Six and a half years.

4   Q.   Six and a half years?

5   A.   Uh-huh.

6   Q.   The other thing, this lady's got to take down
7   everything we say.

8   A.   Should I look at her? Should I talk slow?

9   Q.   A little louder would be better, okay? You
10  know, just speak like you're talking behind me so she
11  can get it all and I'll get it all, too.

12       Are you married?

13  A.   Yes.

14  Q.   I'm here to talk to you about the automobile
15  accident, and I believe that happened on January 21st,
16  2004. Does that sound right to you?

17  A.   That sounds right.

18  Q.   This happened on or near 395; is that
19  correct?

20  A.   Yes. On the on ramp.

21  Q.   On the on ramp.

22       About what time of day did that happen?

DEPOSITION OF JACLYN ANN JOHNSON
CONDUCTED ON TUESDAY, APRIL 1, 2008

9

```
1     Q.   What color was that?
2     A.   Silver, gray.
3     Q.   Was anyone in the car with you?
4     A.   No.
5     Q.   Can you tell me what happened?
6     A.   We were -- so the way that that particular
7  roadway works, we were stopped at a traffic light and
8  then going up the on ramp onto 395.  I was behind, and
9  as we were approaching the top of the on ramp, the car
10 in front of me was looking to merge and stopped
11 suddenly, and I hit the car in front of me.
12    Q.   What street were you coming off of?
13    A.   It's the South Capitol Street ramp there.
14    Q.   So you're on South Capitol Street, and you
15 come to the ramp.  Is that a left, you just stay to the
16 left side of the street and get onto the ramp or do you
17 actually have to make a turn to get onto --
18    A.   No.  I mean, you're on South Capitol, and
19 there's a traffic light, and then you -- I mean, I
20 don't think you really go left.  You kind of go more or
21 less straight onto the on ramp, and the ramp splits,
22 and you can go different directions, north or south.
```

DEPOSITION OF JACLYN ANN JOHNSON
CONDUCTED ON TUESDAY, APRIL 1, 2008

15

| | | |
|---|---|---|
| 1 | A. | I don't know. It all happened very quickly. |
| 2 | Q. | Can you tell me how fast you were going when |
| 3 | you saw the brake lights of the pickup truck come on? | |
| 4 | A. | I mean, it couldn't have been more than 35. |
| 5 | Q. | When you saw the brake lights of the pickup |
| 6 | truck come on, you then hit your brakes? | |
| 7 | A. | Yes. |
| 8 | Q. | What happened after you hit your brakes? |
| 9 | A. | I slowed down, but not enough to avoid |
| 10 | hitting his car. | |
| 11 | Q. | Can you describe the impact -- you hit the |
| 12 | back of the pickup truck; is that right? | |
| 13 | A. | Yes. |
| 14 | Q. | Can you describe the impact? Was it hard? |
| 15 | Moderate? | |
| 16 | A. | Mild. I mean, I don't have anything to |
| 17 | compare it to. I would say moderate, I guess. | |
| 18 | Q. | Moderate. Medium, is that what you're |
| 19 | saying? | |
| 20 | A. | Yeah, medium. |
| 21 | Q. | Can you tell me how fast you were going at |
| 22 | the moment your car hit the back of the pickup truck? | |

```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| GERALD STREEPER | * | CASE NO. |
|     Plaintiff | * | 1:06-cv-02065-RMU |
| v. | * | |
| JACLYN ANN JOHNSON | * | |
|     Defendant | * | |

                          * * * * * * * * * * *

**O R D E R**

Upon consideration of the Plaintiff's Motion for Summary Judgment it is hereby

ORDERED this _____ day of _____, 2008, that the Motion for Summary on the issue of liability be and is hereby granted.

 

_____
Ricardo M. Urbina
Judge
United States District Court